This appeal is taken from a final judgment of the Ashtabula County Court of Common Pleas. Appellant, the State of Ohio, appeals from the trial court's dismissal of sexual predator proceedings pending against appellee, Timothy R. Whitsell.
On August 3, 1987, a jury convicted appellee of aggravated murder in violation of R.C. 2903.01, murder in violation of R.C. 2903.02, and felonious sexual penetration in violation of R.C. 2907.12. Thereafter, the trial court sentenced appellee to life imprisonment with eligibility for parole after twenty years on the aggravated murder count and an indefinite term of ten to twenty-five years in prison on the charge of felonious sexual penetration. The trial court did not impose a sentence for the murder conviction because it constituted a lesser included offense of the aggravated murder conviction.
In 1997, the Ohio Department of Rehabilitation and Correction recommended that the trial court schedule a hearing to determine whether appellee was a sexual predator pursuant to R.C. Chapter 2950. On May 22, 1997, the trial court issued a judgment entry ordering the Ashtabula County Prosecutor to review the recommendation of the Department of Rehabilitation and Correction and advise the court within sixty days as to whether appellant could present sufficient evidence to support a determination that appellee was a sexual predator. Appellant did not respond within the time allowed.
On February 5, 1998, the trial court dismissed the pending sexual predator proceeding against appellee without holding a hearing. The trial court did so based on its conclusion that the application of R.C. Chapter 2950 to sex offenders who were convicted and sentenced prior to January 1, 1997 violated theEx Post Facto Clause of the United States Constitution and the Retroactivity Clause of the Ohio Constitution. Ultimately, however, these same arguments were rejected by the Supreme Court of Ohio in State v. Cook (1998), 83 Ohio St.3d 404, paragraphs one and two of the syllabus.
Despite this, we affirm the decision of the trial court to dismiss the sexual predator proceeding against appellee on the basis of the precedent established by the majority of this court in State v. Williams (Jan. 29, 1999), Lake App. No. 97-L-191, unreported. Although this writer interposed a dissent to the majority's mandate in Williams that R.C. Chapter 2950 was constitutionally void as applied to sexual predators under Section 1, Article I of the Ohio Constitution, it is clear that the decision in Williams controls the outcome of the instant appeal. Hence, I defer to the present controlling authority in this appellate district.
Accordingly, the judgment of the trial court is affirmed.
 ------------------------------ PRESIDING JUDGE DONALD R. FORD
NADER, J., O'NEILL, J., concur.
HON. DONALD R. FORD, P.J., HON. ROBERT A. NADER, J., HON. WILLIAM M. O'NEILL, J., JUDGES.